GUSSIE BLAND, APPELLANT, v. DAVID GROSS, RESPONDENT.

Decided March 22, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellant, *Meyer C. Ellenstein.*

For the respondent, *Charles Stockdell Gray.*

PER CURIAM.

Mrs. Bland was a tenant of an apartment in premises located on Court street, in the city of Newark, and owned by the defendant, Gross. There was no written lease. She rented the premises, however, for a specified sum, to be payable monthly, upon the condition that the defendant, as landlord, would keep the apartment in repair during her tenancy. During the latter part of April, 1931, the ceiling in the kitchen of the apartment cracked and became defective. On the 1st of May she notified the defendant of this condition, and he then promised to make the necessary repairs so that the kitchen would be safe for occupation. She again called his attention to the condition of the ceiling on May 15th, he not having as yet repaired it, and he again promised to do so. Six days later, the defendant not having performed his promise to repair it, the ceiling broke, falling upon the plaintiff and quite severely injuring her.

The present suit was brought to recover compensation for the injuries which she received. At the close of the plaintiff's case counsel for the defendant moved for a nonsuit on the ground of assumption of risk by the plaintiff and of contributory negligence on her part, and this motion was granted, the court holding that the plaintiff, being aware of the dangerous condition of the ceiling, assumed the risk of injury which might result therefrom; and, further, that she was negligent in using the kitchen while the ceiling was in danger of falling as a result of the breaks therein. From the judgment entered in accordance with this ruling the plaintiff has appealed.

It seems to us that this ruling was erroneous. In the case of *Ionin* v. *E. D. & M. Corp.,* 107 *N. J. L.* 145, Mrs. Ionin was placing some dishes in her pantry when the ceiling fell upon her, causing personal injuries, and she brought suit to recover compensation therefor from the landlord. The condition of the ceiling was due to the lack of repair of the roof, through which the rain drifted and rotted away the ceiling. The defendant had its attention called to the situation some little time before the accident by Mrs. Ionin, and promised to make the necessary repairs to the premises. This, however, it failed to do prior to the happening of the accident. The Court of Errors and Appeals held that, although as a general proposition, where the tenant had knowledge of the defective condition of the premises and continues thereafter to occupy the same, he is considered to have assumed the risk, and in case of injury resulting from such defects he is held guilty of contributory negligence, this rule is not applicable where the landlord has promised to make repairs after his attention has been called to the defective condition of the premises and he has failed to keep that promise, the court stating that "the promise to repair after the landlord has had its attention called to the defective condition would relieve the tenant from the burden of assuming the risk during such time as would reasonably appear proper for the repairs to be made and the promise of the landlord to be fulfilled." If the plaintiff

did not assume the risk of injury during such time as would reasonably appear proper for the repairs to be made, it follows, by implication, that she would not be guilty of contributory negligence in using the kitchen during that time.

It seems proper to add that what would be a reasonable time within which the landlord should make such repairs is a question of fact, to be determined by a jury.

Considering the case cited as controlling, our conclusion is that the judgment under review should be reversed.